IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA HOLLEY, personal representative
of the estate of Dustin Van Jelgerhuis, deceased,
and JANICE FAY MILCHERT,

                Plaintiffs,

v.                                                 CIV 12-0320 KBM/WDS

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY, a
North Dakota non-profit corporation d/b/a
GRANTS GOOD SAMARITAN CENTER,

                Defendant.

# MEMORANDUM OPINION & ORDER

      In this wrongful death action, the Court permitted Plaintiffs to file an Amended

Complaint.  *See Docs. 32-33.*  Defendant answered the Amended Complaint on June 22, 2012,

before the deposition of the newly-added Plaintiff took place on July 18, 2012.  *See Docs. 36,*

*41-1.*  During that deposition, Defendant learned that Plaintiff Milchert, decedent's mother, kept

a diary during her son's incapacity, but destroyed it a week after his funeral service.  *See Doc.*

*41-1.*  Defendant now moves to amend its answer to raise spoliation as an "affirmative defense,"

*Doc. 41,* ¶ 3, regardless of whether the conduct proves to be negligent or intentional, *see id.,* ¶ 8.

      In support, Defendant argues that under New Mexico law, it "may be entitled" to a jury

instruction[1] "regarding liability of a lesser adverse inference," *id.,* ¶ 8, and in reply argues that

the instruction would "bar . . . recovery . . . for loss of consortium," *Doc. 50* at 2.  Defendant

---

[1] The original and amended complaints demand a "trial," without specifying whether that is to be conducted to the bench or to a jury, but the parties' Joint Status Report and Provision Discovery Plan identifies the case having demanded a jury trial, and the docket reflects the same.  *See Doc. 24* at 7.

does not cite a decision that holds spoliation is an affirmative defense, and instead relies on New Mexico's general definition of affirmative defenses and a case that recognizes spoliation may warrant an instruction.  *See Doc. 41* at 2; *Doc. 50* at 1.  Plaintiffs rely on a decision by District Judge Armijo and contend that if negligent spoliation is not a cognizable claim, then it cannot be raised as an affirmative defense, and Defendant should instead raise the spoliation issue by a motion seeking sanctions.  *See Doc. 43* at 2.

This lawsuit is in federal court based upon diversity subject matter jurisdiction.  As such, in general under *Erie* Doctrine, New Mexico law governs substantive matters and federal law governs procedural matters.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  The courts are split whether spoliation is the basis for an enforceable claim, or a defense (and the extent of that defense), or grounds for a sanction (and if so, what degree).

> Federal courts look to state law to define the substantive claims in diversity cases such as this one.  *Erie* . . .  States are split on whether spoliation of evidence constitutes its own cause of action. Over the past few decades, some states have recognized spoliation of evidence as a free-standing tort claim. . . .  A majority of states, however, do not recognize spoliation as an independent tort. . . . These states simply use discovery sanctions in the underlying lawsuit to deal with spoliation issues.  Sanctions are based on the trial court's inherent power to manage litigation, and range from simple negative inferences to deeming facts admitted to dismissing the entire suit.

*Naylor v. Rotech Healthcare, Inc.,* 679 F. Supp. 2d 505, 510-11 (D. Vt. 2009) (internal citations omitted).

New Mexico cases recognize this variety of approaches, and the Honorable M. Christine Armíjo notes the same in her comprehensive discussion in a decision from this district last year. *See Kelly v. Unifeed HI-Pro, Inc., et al.,* CIV 10-0700 MCA/RHS (Doc. 57 at 5-10) (and cases cited therein); *see also, e.g., Torres v. El Paso Elec. Co.,* 127 N.M. 729, 750, 987 P.2d 386, 408

(N.M. 1999) ("our recognition of a separate cause of action for intentional spoliation of evidence in Coleman was intended to supplement, rather than supplant, existing remedies . . . '[T]he destruction or spoliation of evidence doctrine is itself flexible and versatile.  Various courts have recognized it as an independent cause of action, a defense to recovery, an evidentiary inference or presumption, and as a discovery sanction.  It is regarded as both a substantive rule of law and as a rule of evidence or procedure. Its application depends on the attendant circumstances.'"), *overruled in part on other grounds by Herrera v. Quality Pontiac,* 134 N.M. 43, 73 P.3d 181 (N.M. 2003).

If spoliation lies exclusively in the evidentiary realm, then federal law typically governs. *See, e.g., Pascal's Manale Rest., Inc. v. United Nat'l Ins. Co.,* Civil Action No. 06-7427, 2008 WL 1774131, at *2 (E.D. La. Apr. 15, 2008) ("The Fifth Circuit has concluded that evidentiary 'presumptions' . . . are controlled by federal law [and] specifically extended this conclusion to the issue of spoliation of evidence.").  However, some federal courts hold that where, as here, the spoliation took place before the federal suit was filed, and even if spoliation is treated solely as an evidentiary issue, state law still controls.  *See Ward v. Texas Steak Ltd.,* No. Civ.7:03 CV 00596, 2004 WL 1280776, at *2 (W.D. Va. May 27, 2004)  ("Quite understandably, federal courts must have the power to sanction for *litigation* abuse and need not look to state law in fashioning appropriate sanctions.  It is altogether a different matter, however, to sanction parties in a diversity suit for conduct occurring before suit was filed, and if that sanction is inconsistent with state law, create thereby the possibility of opposite outcomes for a state created cause of action, depending upon whether the controversy is adjudicated in state of federal court.") (and authorities cited therein).

The parties have not cited, and the Court has not found, any controlling authority on the subject of federal versus state law in these circumstances. Judge Armíjo's decision, the facts of which indicate the spoliation took place before suit, considers New Mexico law controlling for both substantive and evidentiary purposes, and the Court will do the same here. *See Kelly v. Unifeed HI-Pro, Inc., et al.,* CIV 10-0700 MCA/RHS (Doc. 57 at 4-5); *see also Restaurant Mgmt. Co. v. Kidde-Fenwal, Inc.,* 127 N.M. 708, 712, 986 P.2d 504, 508 (N.M. App. 1999) ("a court may use its inherent power to sanction prelitigation conduct that does not give rise to the underlying cause of action").

It is clear that New Mexico does not embrace the independent tort option if the theory is negligent spoliation, but does recognize an independent tort if the theory is intentional spoliation. Furthermore, New Mexico recognizes that if the party raising the claim does not meet the requirements necessary to prove intentional spoliation, that party may nonetheless be entitled to an instruction on the issue.[2] But these cases, including the two cited by the parties, are instances where the ***plaintiff*** is seeking damages due to a defendant's spoliation. *See, e.g., Kelly v. Unifeed HI-Pro, Inc., et al.,* CIV 10-0700 MCA/RHS (Doc. 57); *Segura v. K-Mark Corp.,* 133 N.M. 192, 62 P.3d 283 (N.M App. 2002); *supra,* note 2.

Some jurisdictions recognize spoliation as an affirmative defense, without discussing whether the defense is interposed as an independent claim or as an evidentiary matter.[3] Again,

---

[2] *See Torres,* 127 N.M. at 749-50, 987 P.2d at 406-07 ("Where the actions of the spoliator fail to rise to the level of malicious conduct or otherwise meet the elements of the tort of intentional spoliation of evidence, we believe a more appropriate remedy would be a permissible adverse evidentiary inference by the jury in the underlying claim. This evidentiary inference could be accomplished through an instruction to the jury that it is permissible to infer that evidence intentionally destroyed, concealed, mutilated, or altered by a party without reasonable explanation would have been unfavorable to that party. . . . We believe that a jury instruction of this nature would be appropriate in some cases not strictly meeting the elements of the tort of intentional spoliation of evidence because it is reasonable to presume that, even though parties do not have an affirmative duty to preserve evidence for another's benefit absent special circumstances . . . parties will nonetheless avoid intentionally discarding evidence that would have been favorable to them.").

[3] *See, e.g., QBE Ins. Corp. v. Jorda Enter., Inc.,* ___ F.R.D. ___, ___, No. 10–21107–CIV, 2012 WL 266431 (S.D. Fla. Jan. 30, 2012) (amendment to raise affirmative defense of spoliation proper); *Foster v. Bridgestone*

the parties have not cited, and the Court has not found, any New Mexico decision that resolves, or even discusses, whether the State considers defense use of spoliation to be an "affirmative defense."  In the absence of a state decision expressly so holding, this Court declines to label the argument Defendant seeks to raise as an "affirmative defense" because of the consequences that can attach to affirmative defenses when a party fails to raise them.  *See, e.g., McCrovey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1259, n. 4 (11th Cir. 2002) (holding that state spoliation standards not met but also noting, "in the instant case spoliation was never pleaded as an affirmative defense by the defendants, and therefore it is not considered a spoliation case").

Even without the affixing the label of "affirmative defense" to spoliation and denying amendment, however, Defendant suffers no prejudice because its position is preserved as a matter of state evidentiary law.  In New Mexico, a defendant can move to dismiss or for summary judgment based on a plaintiff engaging in spoliation before suit, and a court retains inherent power to dismiss a plaintiff's suit on that basis, if appropriate.  *See Restaurant,* 127 N.M. at 713-14, 986 P.2d at 509-10 (plaintiff spoliator case; discussion of sanction options ranging from "'[a]n instruction to the jury that it may consider that the lost evidence would be unfavorable to the [spoliating party],'" to "exclud[ing] certain of the spoliator's evidence," to "[o[]utright dismissal of a spoliator's case").  Indeed, counsel for Plaintiffs do not quarrel with Defendant's ability to raise the issue, they simply maintain that it is unnecessary to do so by way of affirmative defense.  I agree.

---

*Am., Inc.,* Civil Action No. 11–0175–WS–N, 2012 WL 266479 (S.D. Ala. Jan. 30, 2012) (granting motion to amend to raise affirmative defense of spoliation); *compare Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 155-56 (4th Cir. 1995) ("Even though application of the rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court.  Consequently, a party need not indicate its intent to invoke the spoliation rule in the pleadings."); *Conocophillips Co. v. Shaffer,* No. 3:05 CV 7131, 2005 WL 2280393 (N.D. Ohio Sept. 19, 2005) (striking affirmative defense of spoliation where state characterizes it as a cause of action/intentional tort that does not "negate a claim"); *Donohoe v. Am. Isuzu Motors, Inc.,* 155 F.R.D. 515 (M.D. Pa. 1994) (spoliation not characterized as affirmative defense under federal or state law).

Plaintiffs move for permission to file their expert disclosures some eighteen days out of time, citing inadvertent calendaring as the cause.  They submitted their disclosures to Defendant along with their motion on August 17.  *See Doc. 46.*  Defendant opposes the motion, but the Court notes that there is no assertion that defense counsel contacted Plaintiff's attorneys at any point about their overdue submission.  And there appears to be no prejudice since Defendant was able to timely file its expert report without the need to request an extension of the deadline.  *See Doc. 54*.  Thus, is appears that allowing Plaintiffs' belated disclosures will not upset existing deadlines or upset the discovery and trial schedules.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion to amend *(Doc. 41)* is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a late expert report *(Doc. 46)* is GRANTED.

UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent