IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA HOLLEY, personal representative
of the Estate of Dustin Van Jelgerhuis, deceased;
JANICE FAY MELCHERT,

    Plaintiffs,

v.                                                      CIV 12-00320 KBM/WDS

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, a North Dakota
non-profit corporation, d/b/a GRANTS GOOD
SAMARITAN CENTER,

    Defendant.

## ORDER ALLOWING SURREPLY

THIS MATTER comes before the Court on Plaintiffs' Motion to Strike Materials Submitted With Defendant's Reply In Support of Motion for Summary Judgment, or in the Alternative for Leave to Submit Response *(Doc. 109)*, filed January 23, 2013. Pursuant to 28 U.S.C. § 636 and FED. R. CIV. P. 73, the parties have consented to have me serve as the presiding judge and conduct all proceedings, including trial. *See Docs. 10, 15, 16.* Having reviewed the Plaintiffs' Motion and the relevant law, I find the alternative requested relief to be appropriate.

Defendants in this case attached four exhibits to their Reply brief which were neither attached nor cited to in their Motion *(Doc. 83)* or Memorandum in Support *(Doc. 84)* of the summary judgment motion:  (1) additional excerpts from the deposition of Plaintiffs' standard-of-care expert, Virginia Shoemaker Verity, R.N., taken in this case on October 9, 2012; (2) excerpts from Nurse Verity's July 23, 2008 deposition in *Tarpley*

*v. Kindred Healthcare, Inc.*, Case No. 05EV000228G out of Fulton County, Georgia; (3) excerpts from Nurse Verity's August 26, 2011 deposition in *Greaber v. Life Care Centers of America*, pending before an unknown court; and (4) excerpts from the October 23, 2012 deposition of Defendant's expert Cassandra Rocke in the present case. *See generally Doc. 105.* Plaintiffs argue that because Defendant submitted these exhibits in its Reply, they have been wrongfully denied an opportunity to respond. *See generally Doc. 109.*

"Rule 56(c) requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). As a result, the Tenth Circuit has held that "when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond." *Id.* There is no abuse of discretion, however, where the district court does not rely on the new materials.

Plaintiffs contend that it was incumbent for Defendant to bring forward the additional deposition testimony in their original motion and brief rather than in its Reply. In the summary judgment context, however, the movant has no obligation to initially rely on ***all*** of the evidence in its favor, just the evidence it deems necessary to support its position. Arguably, because Plaintiffs were aware of all the evidence upon which Defendants rely on in their Reply, they could have raised and addressed it in their response. Out of an abundance of caution, however, Plaintiffs will be given an opportunity to respond, but only as to the "new" testimony upon which Defendant relies.

Because this case is set for a pretrial conference this week, Plaintiffs must file their Surreply no later than Thursday, February 28, 2013.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE