IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA HOLLEY, personal representative
of the Estate of Dustin Van Jelgerhuis, deceased;
JANICE FAY MELCHERT,

    Plaintiffs,

v.                                                         CIV 12-00320 KBM/LFG

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, a North Dakota
non-profit corporation, d/b/a GRANTS GOOD
SAMARITAN CENTER,

    Defendant.

## ORDER GRANTING COSTS

THIS MATTER comes before the Court on Defendant's Motion for Bill of Costs *(Doc. 143)*, filed March 15, 2013. Pursuant to 28 U.S.C. § 636 and FED. R. CIV. P. 73, the parties consented to me serving as the presiding judge. *See Docs. 10, 15, 16.* In that capacity, I entered summary judgment for Defendant on all claims on March 11, 2013. Defendant, as the prevailing party, now seeks to recover its allowable defense costs pursuant to Rules 54 and 68 of the Federal Rules of Civil Procedure. Having reviewed Defendant's Motion and Reply and Plaintiff's Response in opposition, as well as the relevant law, I find the motion to be well-taken.

Plaintiffs concede that there is a presumption of entitlement to costs for the prevailing party, but contest an assessment of costs in this case solely on two grounds. First, Plaintiff Andrea Holley pursued this action solely in her capacity as the wrongful death personal representative, so she argues that as a "nominal party" and not a

statutory beneficiary, an assessment of costs would be improper. *See Doc. 148* at 2-3. Second, Plaintiffs argue that because Plaintiff Janice Melchert is indigent, it would be "inappropriate to assess costs" against her given "the substantial disparity in the parties' respective economic positions." *See id.* at 3. Plaintiffs have requested an extension to file a signed and notarized affidavit demonstrating Ms. Melchert's indigency. *See Doc. 147 (*motion*) & Doc. 148-2  (*unsigned affidavit*)*. Instead, I will assume indigency, but nevertheless grant Defendant's motion as Plaintiffs cite no authority for either of their two legal propositions.

Defendant, on the other hand, notes that nothing in the language of the New Mexico Wrongful Death Act or Rules 54 and 68 hints at immunity from costs by a personal representative of an estate. Moreover, Defendant provides decisions from the Tenth Circuit and this District finding that indigency of a non-prevailing party provides no insulation from an assessment of costs. *See Doc.152* at 4-7. In sum, I find Defendant's arguments fully persuasive and incorporate them by reference.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Cost Bill is GRANTED, and that Defendant is awarded $4,777.56, its costs in this action.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE